IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:13cv838 |
| v. | ) ) | **CONSENT DECREE** |
| LEE'S FOOD CORP., d/b/a Food Rite Community Supermarket | ) ) ) ) | |
| Defendant. | ) ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that defendant Lee's Food Corp. d/b/a Food Rite Community Supermarket (the "Defendant"), discriminated against Deborah Newell ("Newell") when Defendant failed to hire her as a part-time courtesy van driver because of her sex, female.

The Commission and Defendant hereby stipulate to jurisdiction of this Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent



RECEIVED
AUG 11 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

Decree (the "Decree"); and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII, including by way of failing to hire women for the courtesy van driver job.

2. Defendant shall not discriminate or retaliate against any person because of his or her opposition to any practice made unlawful under Title VII or because of the filing of a charge of discrimination, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Newell the sum of ten-thousand five hundred and 00/100 dollars ($10,500.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing checks payable to "Deborah Newell." Payment shall be made within fifteen (15) days after the Court enters this Decree, and Defendant shall mail the check via certified mail, return receipt requested to Newell at her address provided by the Commission. Within ten (10) days after the check has been mailed to Newell, Defendant shall send to the Commission c/o Suzanne Nyfeler via e-mail, a copy of the check and proof of its mailing to Newell. Defendant shall also issue an IRS Form 1099 to Newell, delivered via certified mail, return receipt requested, at her address provided by the Commission.

4. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Newell, may or may not incur under local, state and/or federal law on the payments identified in paragraph three (3) above.

5. Within ninety (90) days of the Court's entry of this Decree, Defendant *shall* adopt, implement, and distribute a formal, written anti-discrimination policy (the "Policy"), which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against discrimination on the basis of sex; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current employee a copy of the Policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this Decree, Defendant shall report its compliance with this provision to the Commission. During the Term (hereinafter defined) of this Decree, Defendant shall distribute the Policy to all new employees and review it with them at the time of their hire.

6. During the Term of this Decree, Defendant shall post a copy of the Policy described in paragraph 5, above, in its location(s) in a place where it is visible to employees. If the Policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Policy. Within ninety-five (95) days after the Decree is entered, Defendant will post the Policy and notify the Commission that it has been posted.

7. During the Term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII and its prohibition against sex discrimination in the workplace. Each training program shall also include an explanation of Defendant's Policy referenced in paragraphs 5 and 6 above, and an explanation of the rights and responsibilities of employees and managers under the Policy.

The first training program shall be completed within one hundred (100) days after Court's entry of the Decree. Each subsequent training program shall be conducted at approximately one-year intervals after the initial training program during the remainder of the Term. At least fifteen (15) days prior to each training program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the Term of this Decree, Defendant shall conspicuously post the Employee Notice, attached hereto as Exhibit A (the "Notice"), hereby made a part of this Decree, in a place where it is visible to employees at Defendant's location(s). If the Notice becomes defaced or unreadable during the Term, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. During the Term of this Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after the Court's entry of this Decree. Each report will include the following information:

    A.    the identities of all individuals who have complained that they were discriminated against on the basis of their sex, including by way of identification each person's name, address, telephone number, position, and social security number;

    B.    for each individual identified in paragraph 9.A. above, explain whether the individual's employment status has changed in any respect (for example,

                including but not limited to, termination, firing, demotion, promotion, or change to part-time from full-time); and

    C.    for each individual whose employment status has changed as identified in paragraph 9.B. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph 9, Defendant shall send the Commission a "negative" report indicating that there was no activity for the preceding six (6) month period.

10.    The Commission may review compliance with this Decree. As part of such review, the Commission may upon twenty-four (24) hours notice to Defendant, inspect Defendant's location(s), interview employees, and examine and copy documents that are relevant to the compliance review. As part of a review for compliance with the Notice posting provisions contained in paragraphs 6 and 8 above, the Commission may inspect Defendant's location(s) without notice. Notice required by this paragraph shall be delivered via email to Defendant at an e-mail address provided to the Commission or at the Commission's option to the e-mail address identified for Defendant's counsel listed below.

11.    If at any time during the Term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant by way of an e-mail at the Defendant's e-mail address provided to the Commission by Defendant's counsel or to the below e-mail address identified for Defendant's counsel. Within ten (10) business days of Defendant's receipt of such notice, Defendant will investigate and respond to the allegations contained in the written notice described in this paragraph. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may

be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission may exercise any remedy provided by law.

12. The term of this Decree shall be for three (3) years from date of its entry by the Court (the "Term").

13. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to, Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

August 11, 2014
Date

/S/
David J. Novak
United States Magistrate Judge

DAVID J. NOVAK
United States Magistrate Judge
Eastern District of Virginia

The parties jointly request that the Court approve and enter the Consent Decree:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff**

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

LYNETTE A. BARNES
Regional Attorney

KARA GIBBON HADEN
Supervisory Trial Attorney

_____
SUZANNE DENAHAN NYFELER
Senior Trial Attorney
Virginia Bar No. 40450
Richmond Local Office
400 North 8th Street, Suite 350
Richmond, Virginia 23219
Telephone: (804) 771-2215
Facsimile: (804) 771-2222
E-Mail: Suzanne.Nyfeler@eeoc.gov


**LEE'S FOOD CORP. d/b/a Food Rite Community Supermarket, Defendant**

_____
Neil S. Talegaonkar (VSB No. 44589)
ThompsonMcMullan, P.C.
100 Shockoe Slip, 3rd floor
Richmond, VA 23219
Telephone: (804) 698-6229
Fax: (804) 780-1813
E-Mail: ntalegaonkar@t-mlaw.com

7